UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERTRAND ISIDORE | CIVIL ACTION |
| VERSUS | NO. 25-410 |
| WESTPORT LINEN SERVICES, LLC ET AL. | SECTION: "J"(3) |

**ORDER AND REASONS**

Before the Court are a *Motion to Dismiss* **(Rec. Doc. 7)**, filed by Defendant Westport Linen Services, LLC, and an opposition filed by Plaintiff Gertrand Isidore (Rec. Doc. 10), to which Defendant replies (Rec. Doc. 11). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion should be construed as a motion to quash service on Defendant Westport Linen Services, LLC, and should therefore be **GRANTED**, as more fully explained below.

**FACTS AND PROCEDURAL BACKGROUND**

This case arises out of the termination of Plaintiff's employment by Westport. Employed by Westport as a maintenance handyperson, Plaintiff states he was electrocuted while working on a washing machine, rendering him temporarily unconscious and permanently without the use of an eye and a limb. After unsuccessful negotiations related to the incident, Plaintiff avers his employment was terminated. Against his former employer, he now alleges various theories of discrimination, particularly related to his national origin. Plaintiff is of Haitian

1

descent, and complains that workplace documents were not translated into French or Haitian Creole. Plaintiff further contends he suffered discrimination through lower pay and more menial job tasks than other, non-Haitian employees. Among his federal and state claims, Plaintiff alleges Westport, its Manager Bryan Palmer, and other unnamed employees committed fraud, "engag[ing] in subterfuge in order to deprive Plaintiff of his rights to maintenance and cure and/or other compensation related to his injury at work." (Rec. Doc. 1 at 25 ¶ 126).

Defendant Westport now moves to dismiss the Complaint, asserting failures in service and pleading. Plaintiff opposes.

## **LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure challenges the mode of delivery or lack of delivery of the summons and complaint. A 12(b)(5) motion turns on the legal sufficiency of the service of process. When a defendant contests the validity of service of process, the plaintiff bears the burden of establishing that service of process was valid. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992) (citation omitted). A district court has broad discretion to dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citing *George v. U.S. Dep't of Lab.*, 788 F.2d 1115, 1116 (5th Cir. 1986)).

The procedural requirements for proper service are set forth in Rule 4 of the Federal Rules of Civil Procedure. Under Rule 4(e), an individual may be served by

following the procedural methods of service of process provided by the state in which the district court is located, *see* Fed. R. Civ. P. 4(e)(1), or by doing any of the following: (A) "delivering a copy of the summons and of the complaint to the individual personally"; (B) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (C) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Unless the document being served does not require an appearance or answer, Louisiana law requires domiciliary or personal service. La. Code Civ. Proc. arts. 1231, 1232, 1234, 1313.

Rule 4(m) gives a plaintiff ninety days to serve the defendants. Under Rule 4(m), when a plaintiff fails to serve a defendant within the ninety-day period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, the plaintiff shows good cause for the failure, "the court must extend the time for service for an appropriate period." *Id.* Good cause does not include "[a]ctions falling into the category of inadvertence, mistake or ignorance of counsel". *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990) (citation omitted).

Nonetheless, even absent a good cause finding, the Fifth Circuit has counseled that a district court may still assess the fairness of an extension for proper service. *See Thompson v. Brown*, 91 F.3d 20, 22 (5th Cir. 1996). To that end, the Court may exercise its "broad discretion" to construe a motion to dismiss pursuant to Rule 12(b)(5) as a motion to quash service. *See, e.g., U.S. Fire Ins. Co. v. Miller,* 2002 WL

3

31886812, at *2 (E.D. La. Dec. 18, 2002). When there is "a reasonable prospect that plaintiff ultimately will be able to serve defendant properly," the appropriate course of action is to quash service and allow the plaintiff an opportunity to effect proper service, thus preserving the matter before the court. *Thomas v. New Leaders for New Schs.*, 278 F.R.D. 347, 352 (E.D. La. 2011) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (3d ed. 2004)); *see also Amir El v. Louisiana State,* No. 16-2125, 2016 WL 6563403, at *2 (E.D. La. Nov. 4, 2016) (citation omitted) (refusing to dismiss action where service is "insufficient but curable").

## DISCUSSION

Westport makes various merits-based arguments for dismissal of Plaintiff's claims. These arguments, however, are unnecessary to reach at this time. *See Thomas*, 278 F.R.D. at 352. Plainly, Plaintiff has failed to properly serve Westport.

Plaintiff attempted service on Westport's registered agent through certified mail: "I mailed the summons via US Certified Mail to Westport Linen Services, LLC, through their registered agent for service of process, Eric Landry, which was delivered on March 12, 2025, according to the attached USPS Domestic Return Receipt." (Rec. Doc. 4 at 2). Service through certified mail is not an accepted means of service under federal or Louisiana law. Fed. R. Civ. P. 4(e)(1),(2); La. Code Civ. Proc. arts. 1231, 1232, 1234, 1313.

Perplexingly, Plaintiff does not address his procedural failure. Instead, he insists service occurred "expeditiously", as the mailing occurred around two weeks of

4

the filing of the Complaint. (Rec. Doc. 10 at 3). If, however, service is not timely, Plaintiff requests "good cause" excuse. *Id*.

This is not the first time counsel for Plaintiff has asserted a good-cause exception for an obvious service error. *Aldridge v. ExxonMobil et al.*, No. 24-2764 (E.D. La. April 30, 2025), ECF No. 20 at 4–5. As this Court previously instructed counsel for Plaintiff in the unrelated matter, "An attorney's failure to know and comply with pertinent procedural rules is not a basis for good cause." *Id*. at 5 (citing *Traina*, 911 F.2d at 1157).

The instant Complaint was filed on February 27, 2025. Plaintiff is now beyond his ninety-day deadline to properly serve defendants. *See* Fed. R. Civ. P. 4(m). Despite this service failure and the absence of a good cause showing, the Court nevertheless exercises its discretion in extending Plaintiff's deadline to effect proper service on Westport. There is "a reasonable prospect that plaintiff ultimately will be able to serve defendant properly[.]" *Thomas*, 278 F.R.D. at 352. Thus, the Court interprets Westport's motion as one to quash service, and extends Plaintiff's deadline to effect service on Westport to August 8, 2025.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Westport Linen Services, LLC's *Motion to Dismiss* **(Rec. Doc. 7)**, construed as a motion to quash service, is **GRANTED**. Plaintiff Gertrand Isidore shall effect proper service on Westport by **no later than August 8, 2025**. Failure to do so—and to file proof of service in the record—will lead

to the dismissal of claims against Westport without further notice.

    New Orleans, Louisiana, this 9th day of July, 2025.

                                                                                    CARL J. BARBIER
                                                                                    UNITED STATES DISTRICT JUDGE