UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GERTRAND ISIDORE                                     CIVIL ACTION

VERSUS                                               NO. 25-410

WESTPORT LINEN SERVICES,                             SECTION: "J"(3)
LLC ET AL.

### ORDER & REASONS

Before the Court is a *Re-Urged Motion to Dismiss or, Alternatively, Motion for Summary Judgment* **(Rec. Doc. 22)** filed by Defendant Westport Linen Services, LLC ("Westport"). Plaintiff Gertrand Isidore did not file an opposition to this motion, but the Court treated Plaintiff's opposition (Rec. Doc. 10) to Defendant Westport's earlier Motion to Dismiss as an opposition to this re-urged motion. The Court also considered Defendant Westport's earlier reply to Plaintiff's opposition (Rec. Doc. 11). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion to dismiss should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This case arises out of the termination of Plaintiff's employment by Westport. Employed by Westport as a maintenance handyperson, Plaintiff states he was electrocuted while working on a washing machine, rendering him temporarily unconscious and permanently without the use of an eye and a limb. After unsuccessful negotiations related to the incident, Plaintiff avers his employment was terminated. Against his former employer, he now alleges various theories of

discrimination, particularly related to his national origin. Plaintiff is of Haitian descent and complains that workplace documents were not translated into French or Haitian Creole. Plaintiff further contends he suffered discrimination through lower pay and more menial job tasks than other, non-Haitian employees. Among his federal and state claims, Plaintiff alleges Westport, its manager Bryan Palmer, and other unnamed employees committed fraud, "engag[ing] in subterfuge in order to deprive Plaintiff of his rights to maintenance and cure and/or other compensation related to his injury at work." (Rec. Doc. 1, at 25).

The instant suit is before this Court pursuant to federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff makes claims against Defendant Westport under the Occupational Safety and Health Act ("OSHA"), the Immigration Reform and Control Act of 1986 ("IRCA"), the Fair Labor Standards Act ("FLSA"), and 42 U.S.C. § 1981. Additionally, the Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. Defendant Westport now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, for summary judgment.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The

2

factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

In its Motion to Dismiss, Defendant Westport accurately points out, and Plaintiff concedes, that neither OSHA nor IRCA provides a private cause of action. Westport cites multiple cases to support its proposition that "Fifth Circuit jurisprudence unequivocally establishes that 'OSHA does not give rise to a private cause of action.'" (Rec. Doc. 22, at 9 (quoting *Perez v. Ormiston*, 364 F. App'x 93, 94 (5th Cir. 2010))). Accordingly, because OSHA does not create a private cause of action, a federal court cannot exercise subject matter jurisdiction over such a claim. *Aranyosi v. Delchamps, Inc.*, No. 97-0251, 1997 WL 118389, at *1 (E.D. La. Mar. 14, 1997) ("The court first finds that there is no federal question jurisdiction because Plaintiffs have not pled a cause of action pursuant to OSHA and indeed OSHA § 11(c) does not provide a private right of action and remedy to Plaintiffs.").

Plaintiff's counsel accurately notes that Mr. Isidore may seek "employee-driven relief under [29 U.S.C.] § 662(d)" and requests the opportunity to amend Plaintiff's Complaint or to make a more definite statement. (Rec. Doc. 10, at 6). However, even under § 662(d), Plaintiff would not have a cause of action against his employer. Instead, Plaintiff would have to bring an action against the Secretary of Labor, but *only* if "the Secretary arbitrarily or capriciously fail[ed] to seek relief" on behalf of Plaintiff. 29 U.S.C. § 662(d). Therefore, Plaintiff would first have to seek redress from the Secretary of Labor under OSHA.

Similarly, Westport notes that Plaintiff does not have a cause of action under the Immigration Reform and Control Act of 1986 ("IRCA"), which amended the Immigration and Nationality Act cited in Plaintiff's Complaint. Instead, Plaintiff must first pursue the statutory remedy outlined in 8 U.S.C. § 1324b, which provides in part that "any person alleging that the person is adversely affected directly by an unfair immigration-related employment practice . . . may file a charge respecting such practice or violation with the Special Counsel" for Immigration-Related Unfair Employment Practices. 8 U.S.C. § 1324b(b)(1). Accordingly, Mr. Isidore must pursue this administrative remedy for his claims that Defendant discriminated against him based on his national origin.

Next, Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), but he does not allege sufficient well-pleaded facts for the Court to reasonably infer that Defendants violated the FLSA. Plaintiff claims that he was paid "below-market wages" (Rec. Doc. 1, at 7), for example, but the Complaint never says what those

4

wages were, nor does the Complaint contend that these below-market wages were actually below the federal minimum wage. Later, Plaintiff asserts that he was employed "at a wage per hour well below the wage paid to other similarly situated Westport employees" (Rec. Doc. 1, at 8), but again, he does not explain what either he or the similarly situated employees were paid. Plaintiff's claims under FLSA are conclusory statements without facts to support them, and therefore, these claims are not plausible on their face and cannot withstand a motion to dismiss.

Lastly, Plaintiff brings claims against Defendant under 42 U.S.C. § 1981, which provides for equal protection of enumerated rights even against "nongovernmental discrimination." 42 U.S.C. § 1981. Specifically, the statute provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .

*Id.* In the Complaint, Plaintiff's counsel accurately notes that the "primary focus of Section 1981 is to prohibit discrimination based on race or ethnicity in contractual relationships." (Rec. Doc. 1, at 14). Claims for racial discrimination in an employment context are cognizable under Section 1981 under certain circumstances and are governed by the same rules as claims under Title VII.

In Mr. Isidore's Complaint, he alleges that Defendants "engaged in unlawful behavior, including but not limited to, discriminating against [him] in his hiring and employment (i.e. the making and enforcement of his contract), creating and/or

maintaining an unsafe work environment, committing fraud on Plaintiff and otherwise engaging in other dishonest acts as will be shown at trial." (Rec. Doc. 1, at 6–7). He further asserts that Defendants "conspired with each other" to pay him at "below-market wages" and "to have him work under unsafe conditions, including but not limited to falsely representing the condition of the machine whose malfunction caused Isidore to be electrocuted." (Rec. Doc. 1, at 7).

The most specific claims that Mr. Isidore makes concern Westport's alleged failure to provide legally required disclosures to Mr. Isidore in French or Haitian Creole. Further, Plaintiff presents a list of discriminatory conduct in his Complaint, which includes that Defendants treated him "differently during his employment," failed to "provide [him] with medical treatment" when he suffered his catastrophic injury on the job, and failed "to provide [him] with medical insurance coverage when he became injured at work." (Rec. Doc. 1, at 15). However, throughout the Complaint, Plaintiff has not provided any facts to support these conclusory statements.

As stated previously, it is well-established that "[c]laims of racial discrimination in employment, pursuant to 42 U.S.C. § 1981 . . . are governed by the same analysis as that employed for such claims under Title VII." *DeCorte v. Jordan*, 497 F.3d 433, 437 (5th Cir. 2007) (citing *Anderson v. Douglas & Lomason Co., Inc.*, 26 F.3d 1277, 1284 n.7 (5th Cir.1994)). Under Section 1981, a plaintiff must make a *prima facie* case of racial discrimination, and the elements that the plaintiff must prove vary only slightly based on the type of discrimination claim at issue (i.e., failure to promote, hostile work environment, etc.).

Generally, to establish a *prima facie* case of discrimination under § 1981, a plaintiff must prove by a preponderance of the evidence "'(1) that [he] is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute.'" *Powell v. Zurich Am. Ins. Co.*, 653 F. App'x 292, 297 (5th Cir. 2016) (quoting *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003)).

Plaintiff has plausibly alleged that he is a member of a racial minority, although it is not clear at times whether he alleges discrimination based on race or national origin (or both). However, Plaintiff has not provided any facts to support or suggest that Defendants intentionally discriminated against him on the basis of race. The Fifth Circuit has held that "'naked allegation[s]' of discriminatory intent are too conclusory to survive a motion to dismiss." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017). Plaintiff's Complaint consists solely of "naked allegations." For example, Plaintiff claims that Defendants "caused him to suffer a catastrophic injury at work on or about January 14, 2024," but does not explain how they did so. (Rec. Doc. 1, at 16). In fact, Plaintiff's Complaint does not include enough specific facts even to support that employment discrimination took place. Stated another way, Plaintiff has not pleaded "sufficient facts to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

The Court sympathizes with Mr. Isidore in terms of the injuries he suffered, but based on Plaintiff's claims, the Court does not have the legal means to provide him with a remedy.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Westport Linen Services, LLC's *Re-Urged Motion to Dismiss* **(Rec. Doc. 22)** is **GRANTED**, and that Plaintiff Gertrand Isidore's federal claims against Westport Linen Services, LLC are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's state-law claims against Defendant Westport Linen Services, LLC are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 20th day of November, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE